UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE VUE,<br><br>                    Plaintiff,<br><br>        v.<br><br>LEE LAY MOUA, et al.<br><br>                    Defendants. | No.  2:25-cv-0200-DC-CKD (PS)<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

On January 15, 2025, pro se plaintiff Maria Vue filed a civil complaint and a motion for a temporary restraining order. (ECF No. 1.) The presiding district judge referred the motion to the undersigned for issuance of findings and recommendations. (ECF No. 3.)

Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of the in forma pauperis request makes the required financial showing. Accordingly, the Court grants Plaintiff's in forma pauperis request.

For the reasons set forth below, it is recommended that plaintiff's motion for temporary restraining order be denied. In addition, as the complaint fails to state a claim, it should be dismissed without leave to amend.

////

////

1

### I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id.* at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez*, 203 F.3d 1122.

### II. The Complaint's Allegations

Plaintiff filed a complaint and a "request for injunction" on January 15, 2025, against defendants Lee Lay Moua and Mai Moua Vang. (ECF No. 1.) Plaintiff alleges violations of

several federal criminal statutes: 18 U.S.C. §§ 241, 875, 2261A, and 47 U.S.C. §223.[1] (*Id.* at 3.) Plaintiff claims defendant Moua owns a public social conference line and defendant Vang is the moderator of the line. (*Id.* at 4.) Plaintiff claims that "harassment, threats, and intimidation" against her occurred beginning on November 17, 2024, and has been ongoing. (*Id.* at 5.) Plaintiff alleges that one of the guests on the conference line encouraged another person to "blow [plaintiff's] guts out." (*Id.* at 7.) Plaintiff states that she has suffered irreparable emotional harm, threats to her physical safety, and loss of quality of life that monetary damages cannot compensate. (*Id.* at 6.) Plaintiff seeks a restraining order to protect her and her family from potential violence and to shut down the social conference line. (*Id.* at 7.)

### III. Plaintiff's Complaint Should Be Dismissed

#### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit

---

[1] Plaintiff's complaint lists 47 U.S.C. § 233 "Obscene or harassing calls," but the proper statutory citation is 47 U.S.C. § 223.

3

as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citation omitted). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 327.

In this case, the complaint invokes federal question and diversity jurisdiction. (See ECF No. 1 at 3.) The basis for plaintiff's claims is four criminal statutes: 18 U.S.C. §§ 241, 875, 2261A, and 47 U.S.C. §223. (ECF No. 1 at 3.) However, there is no private right of action for violation of a criminal statute. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. §§ 241 and 242 because they are "criminal statutes that do not give rise to civil liability"); *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006)[2] (unpublished) ("The district court properly dismissed [plaintiff's] claims based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability."); *see also Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 334-35 (S.D.N.Y. 2016) (dismissing claims under 47 U.S.C. § 223 and 18 U.S.C. § 2261A because they are criminal statutes that do not confer a private right of action); *Allen v. Citrus Heights Police Dep't*, 2021 WL 4942842, at *3 (E.D. Cal. Oct. 22, 2021) (dismissing claims with prejudice under criminal statutes for lack of subject matter jurisdiction). Plaintiff is unable to assert a claim against defendants under any of these four statutes. Additionally, while plaintiff alleges that she is diverse from both defendants (ECF No. 1 at 3-4), plaintiff has made no claim for monetary relief.

Accordingly, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. *See Allen*, 2021 WL 4942842, at *3. Because amendment would not cure the deficiencies in the complaint, plaintiff's complaint should be dismissed without leave to amend. *Noll*, 809 F.2d at 1448; *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

////

---

[2] This unpublished decision is being cited for persuasive value only. *See* 9th Cir. R. 36-3.

B.  **Failure to Comply with Federal Rule of Civil Procedure 8**

The complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

Here, plaintiff's complaint fails to state a claim because the criminal statutes under which she brings her claims do not provide for a private right of action. Additionally, even if plaintiff could bring her claim, she has not alleged sufficient facts in her complaint to allow the court to determine that defendants are liable for the alleged misconduct. *See Iqbal*, 566 U.S. at 663. Plaintiff alleges that she was threatened and that this is ongoing, however other than one specific threat, plaintiff has not sufficiently described the alleged threats or behavior she seeks to prevent. She also states that the threat came from one of defendant's guests on the conference line, whom plaintiff does not name, not one of the defendants. (ECF No. 1 at 7.)

IV.  **Motion for Temporary Restraining Order**

Plaintiff filed a motion for temporary restraining order concurrently with her complaint. (ECF No. 1.) The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief:  whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order

1   using a "sliding scale" test in which "a stronger showing of one element may offset a weaker
2   showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.
3   2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there
4   is a likelihood of irreparable injury, and the injunction is in the public interest, they need only
5   show 'serious questions' on the merits." *Where Do We Go Berkeley v. California Dep't of*
6   *Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *Alliance for the Wild Rockies*, 632 F.3d at
7   1135).

8   However, likelihood of success on the merits is the most important *Winter* factor, and it is
9   relevant to the court's evaluation of the other factors. *See Baird v. Bonta*, 81 F.4th 1036, 1044
10  (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not
11  establish that the balance of equities tips in his favor, or that an injunction is in the public interest.
12  *See id.*; *Winter*, 555 U.S. at 20-21.

13  The Eastern District of California's local rules impose specific requirements on those who
14  request a temporary restraining order. *See* Local Rule 231. Among other things, these rules
15  require "actual notice to the affected party and/or counsel" except in "the most extraordinary of
16  circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or
17  counsel of the intention to seek a temporary restraining order, the date and time for hearing to be
18  requested . . . , and the nature of the relief to be requested." *Id.*

19  A court may issue a temporary restraining order "without written or oral notice to the
20  adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

25  Fed. R. Civ. P. 65(b)(1).
26  When deciding whether to issue a temporary restraining order, the court may rely on
27  declarations, affidavits, and exhibits, among other things. *See Johnson v. Couturier*, 572 F.3d
28  1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at

6

summary judgment or trial. *Id.*; *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

### A. Plaintiff's Motion Is Procedurally Deficient

As a preliminary matter, plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65 or Local Rule 231 governing applications for temporary restraining orders. First, plaintiff has not filed a brief on all relevant legal issues presented by the motion. Second, plaintiff has not filed a proposed order. Third, plaintiff has not filed an "affidavit detailing notice, or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given[.]"[3] Local Rule 231(c)(5). While plaintiff responded in the TRO checklist that there was notice to the affected party (ECF No. 1-2 at 1), plaintiff has not provided an affidavit detailing this notice or describing the efforts plaintiff took to effect notice. The motion for a temporary restraining order is therefore procedurally defective. *See* Fed. R. Civ. P. 65(b)(1); Local Rule 231.

Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte [temporary restraining order]"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"). In addition, plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *see, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Therefore, the Court will recommend denial of the temporary restraining order motion

---

[3] The court does not assume all affected parties or counsel received actual notice of plaintiff's motion for temporary restraining order through CM/ECF Notice of Electronic Filing because no named defendants have appeared in this matter.

based on these procedural deficiencies.

### B. Plaintiff Has Not Clearly Shown a Likelihood of Success of the Merits

The Court also examines the first and most important *Winter* factor: likelihood of success on the merits. Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040 (citation omitted); *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Plaintiff has not demonstrated likelihood of success on the merits. As stated above, the basis for plaintiff's claims is four criminal statutes, however there is no private right of action for violation of a criminal statute. *See Allen*, 464 F.3d at 1048; *supra* p. 4. Accordingly, plaintiff cannot bring a claim under any of these four statutes, and plaintiff has failed to establish the likelihood of success on the merits. *See Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing complaint under Rule 8 with leave to amend, and denying TRO based on no available plausible claims); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). The Court need not address the other *Winter* factors based on plaintiff's failure to show a likelihood of success on the merits. *See Baird*, 81 F.4th at 1040. The Court therefore also recommends denying plaintiff's motion for failing to establish the likelihood of success on the merits.

### V. Conclusion and Recommendation

For the reasons set forth above, the Court grants plaintiff's motion to proceed in forma pauperis and recommends denial of plaintiff's motion for temporary restraining order. The Court further recommends dismissal of the complaint without leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

/////

IT IS FUTHER HEREBY RECOMMENDED that:

1. Plaintiff's motion for temporary restraining order (ECF No. 1) be DENIED; and
2. Plaintiff's complaint (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 16, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, vue.0200.25.scrn.tro