UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEE LAY MOUA, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-00200-DC-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 1, 4) |

Plaintiff Maria Vue is proceeding *pro se* and *in forma pauperis* in this civil action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 15, 2025, Plaintiff filed a complaint and a motion for temporary restraining order to protect her family "from potential violence" and to shutdown a public social conference line owned by Defendant Lee Lay Moua and moderated by Defendant Mai Moua Vang. (Doc. No. 1.) On January 16, 2025, the undersigned referred Plaintiff's motion to the assigned magistrate judge for the issuance of findings and recommendations. (Doc. No. 3.)

On February 17, 2025, the assigned magistrate judge issued findings and recommendations recommending that Plaintiff's complaint be dismissed without leave to amend. (Doc. No. 4.) Specifically, the magistrate judge found Plaintiff's complaint lacked subject matter jurisdiction because the basis of Plaintiff's claims are four criminal statutes, 18 U.S.C. §§ 241,

875, 2261A, and 47 U.S.C. §223, and there is no private right of action for violation of criminal statutes. In addition, while Plaintiff alleges she is diverse from both Defendants, she is not claiming monetary relief for purposes of establishing diversity jurisdiction. Further, Plaintiff fails to comply with Federal Rule of Civil Procedure 8, as the complaint does not contain a short and plain statement of her claim. The magistrate judge also recommends Plaintiff's motion for temporary restraining order be denied. (*Id*. at 5–8.) The magistrate judge found Plaintiff's motion to be procedurally deficient and that Plaintiff had not demonstrated a likelihood of success on the merits because there is no private right of action for violation of a criminal statute. (*Id*. at 7–8.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 9.)

On January 31, 2025, Plaintiff filed objections to the pending findings and recommendations. (Doc. No. 5.) In her objections, Plaintiff continues to assert this court has subject matter jurisdiction because her "claims involve significant violations of federal statutes that address the misuse of telecommunications for threats and harassment, specifically 47 U.S. Code § 223 and 18 U.S. Code § 875." (*Id*. at 2.) Plaintiff's assertion is unavailing. As already addressed in the magistrate judge's findings and recommendations, none of the federal statutes Plaintiff cites to in her complaint and objections provide for a private right of action. *See Davis v. FBI*, No. 17-cv-01997-BAS-AGS, 2018 WL 1185239, at *2 (S.D. Cal. Mar. 7, 2018) (collecting cases that held claims under 47 U.S.C. § 223 are not properly brought in a civil complaint); *see also Intermarketing Media, LLC v. Barlow*, No. 20-cv-00889-JLS-DFM, 2021 WL 5990190, at *2 (C.D. Cal. May 4, 2021) (finding 18 U.S.C. § 875 does not authorize a private cause of action); *Allen v. Gold County Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (finding no private right of action under 18 U.S.C. § 241). Thus, Plaintiff has not established this court has subject matter jurisdiction, and dismissal of her complaint is proper. Moreover, because Plaintiff's claims are not legally cognizable, the court finds that granting Plaintiff leave to amend her complaint would be futile.

Additionally, Plaintiff argues that because she is a *pro se* litigant, the court should reject the magistrate judge's findings that she has not shown she is likely to succeed on the merits of her

1  claim and that her motion for temporary restraining order be denied. (Doc. No. 5 at 6–7.) In
2  support of her argument, Plaintiff relies on *Haines v. Kerner*, 404 U.S. 519, 520 (1972) for the
3  principle that *pro se* pleadings are to be held to a less stringent standard. (*Id*.) The court finds
4  Plaintiff's argument unpersuasive. While a *pro se* litigant's complaint is to be construed liberally,
5  it may be dismissed if it appears beyond a doubt that the plaintiff can prove no set of facts in
6  support of his claim which would entitle her to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th
7  Cir. 2014). As addressed above, there is no private right of action for violation of any of the four
8  criminal statutes that form the basis of Plaintiff's claim. Thus, Plaintiff has not demonstrated a
9  likelihood of success on the merits.

10  Plaintiff also objects to the court denying her motion based on procedural deficiencies
11  because she is self-represented. (Doc. No. 5 at 5–6.) But even if the court were to disregard those
12  deficiencies, Plaintiff still fails to show she is likely to succeed on the merits of her claims. Thus,
13  denial of her motion is still appropriate.

14  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
15  *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's
16  objections, the court concludes the findings and recommendations are supported by the record
17  and by proper analysis.

18  Accordingly,

19  1. The findings and recommendations issued on January 17, 2025 (Doc. No. 4) are
20      ADOPTED in full;
21  2. Plaintiff's motion for temporary restraining order (Doc. No. 1) is DENIED;
22  3. Plaintiff's complaint (Doc. No. 1) is DISMISSED with prejudice; and
23  4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 21, 2025**

Dena Coggins
United States District Judge

3